UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DISH NETWORK LLC, et al., | Case No. 2:22-cv-01019-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| SANTINA FULTON and VENTURA'S NEST LLC, | |
| Defendants. | |

### I. INTRODUCTION

Before the Court is Dish Network LLC, Sling TV LLC, and NagraStar LLC's (collectively, "Plaintiffs") motion for permanent injunction against Defendants Santina Fulton and Ventura's Nest LLC. For the reasons stated below, the Court grants the motion for permanent injunction.

### II. BACKGROUND

Pursuant to the Federal Communications Act ("FCA"), 47 U.S.C. § 605(e)(3)(B)(i), and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1203(b)(1), Plaintiffs move for a permanent injunction against Defendants Santina Fulton and Ventura's Nest LLC. This Court previously entered default judgment against Defendants and awarded Plaintiffs statutory damages of $1,830,000 for Defendants' violations of 47 U.S.C. §§ 605(a), 605(e)(4) and 17 U.S.C. § 1201(a)(2) based on their operation of an illicit television streaming service known as VNest TV, whereby Defendants or persons working in concert with them acquire DISH and Sling's transmissions of television programming by circumventing their security technology and then retransmit that programming without authorization to users of Defendants' VNest TV service. ECF

No. 15.

### III. LEGAL STANDARD

The FCA and DMCA create the possibility of injunctive relieve, granting courts the power to issue an injunction "on such terms as it may deem reasonable to prevent or restrain violations of [the Act]." 47 U.S.C. § 605(e)(3)(B)(i); 17 U.S.C. § 1203(b)(1). Despite this statutory availability, Plaintiffs' claim must nonetheless satisfy the equitable requirements for a permanent injunction. "A plaintiff seeking a permanent injunction . . . must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006).

### IV. DISCUSSION

Having considered Plaintiffs' motion for permanent injunction and the applicable law, the Court finds that a permanent injunction is appropriate.

First, Plaintiffs have suffered and will continue to suffer irreparable harm because of Defendants' piracy. Plaintiffs provide evidence that Defendants are continuing to retransmit DISH and Sling programming without authorization. See ECF No. 12 at 6-7, Supplemental Declaration of Bret Eichhorn (describing testing done on a group of channels, which revealed that Defendants are continuing to retransmit several channels from DISH and Sling's internet communication onto the VNest TV service without authorization, including the Outdoor Channel, History, DUST, and AMC+ channels). Defendants' conduct harms Plaintiffs' goodwill and respective business reputations, which depend on delivering DISH and Sling Programming to authorized subscribers in a secure manner. Such actions also result in a loss of revenues and prospective customers. See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 841 (9th Cir. 2001) ("[e]vidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm.").

Second, remedies available at law, including monetary damages, are inadequate to

compensate Plaintiffs as it is difficult to quantify the number of Defendants' customers that have received DISH and Sling Programming without authorization and would have otherwise properly subscribed through DISH and Sling.

Third, the balance of hardships tip sharply in favor of Plaintiffs. On the one hand, Plaintiffs will continue to suffer lost profits and subscribers resulting from Defendants' conduct. By contrast, Defendants will simply be prevented from engaging in (and profiting from) their unlawful actions. Moreover, Defendants have not opposed the motion for permanent injunction or otherwise appeared in this case.

Finally, the public interest would not be disserved by a permanent injunction. The public has a strong interest in the enforcement of federal statutes and anti-piracy legislation such as the DMCA and Federal Communications Act. The Court therefore grants Plaintiffs' requests for a permanent injunction.

## V. CONCLUSION

The Court **GRANTS** the motion and **ORDERS** as follows:

1. Defendants, and any officer, agent, servant, employee, or other person acting in active concert or participation with any of them that receives actual notice of this Order, are permanently enjoined from:

    a. Receiving or assisting others in receiving DISH's satellite communications of television programming or the content of such communications without authorization from DISH, including through the VNest TV service or any similar internet streaming service;

    b. Selling or distributing any device or equipment that is intended for receiving or assisting others in receiving DISH's satellite communications of television programming or the content of such communications, including codes or credits used to access the VNest TV service or any similar internet streaming service;

    c. Manufacturing, offering to the public, providing, or otherwise trafficking in the VNest TV service, any similar streaming service, or any other technology, product, service, device, component, or part thereof that:

     i. is primarily designed or produced for circumventing a technological measure employed by DISH or Sling that controls access to copyrighted works;

     ii. has only limited commercially significant purpose or use other than circumventing a technological measure employed by DISH or Sling that controls access to copyrighted works;

     iii. is marketed for purposes of circumventing a technological measure employed by DISH or Sling that controls access to copyrighted works

**DATED:** May 28, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**